UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ORLANDO RODRIGUEZ, 88A7696

            Plaintiff,

-vs-

ANITA E. DEMARAIS, et al.,

            Defendants.

**STIPULATION OF DISCONTINUANCE AND SETTLEMENT AGREEMENT**

**15-CV-6519**

    **WHEREAS**, the Plaintiff, ORLANDO RODRIGUEZ (DIN 88-A-7696) ("Plaintiff"), commenced the above-referenced action ("Action") alleging that the Defendants violated his rights during Plaintiff's incarceration, and

    **WHEREAS**, plaintiff, ORLANDO RODRIGUEZ, sought compensatory and punitive damages, and defendants having answered the complaint and any subsequent amended complaint(s), and the parties having participated in various discovery proceedings, and

    **WHEREAS**, plaintiff, ORLANDO RODRIGUEZ, and Defendants, by their attorney, Eric T. Schneiderman, Attorney General of the State of New York, Heather L. McKay, Assistant Attorney General, of counsel, having been desirous to resolve the Action and discontinue the litigation, having negotiated in good faith for that purpose, and having stipulated and agreed to a settlement of all issues raised, and

    **WHEREAS**, none of the parties in the Action is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of this action,

    **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties as follows:

    1. The parties hereby agree that the Action is dismissed and discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

        (a) Plaintiff shall be paid a total sum of _five Thousand_ dollars ($ _5,000.00_) in a check drawn to the order of Plaintiff and mailed to him at the facility where he is currently confined, for deposit in his inmate facility/departmental account. Said monies are paid in full satisfaction and resolution of any and all of the claims for relief, including costs, damages, disbursements, and attorney fees, and any other fees in this Court, any other

court, and administrative agency, which are the subject of the Action, and claims for relief that otherwise arise out of any of the incidents and events alleged in the complaint and any subsequent amended complaint, including any state and federal administrative proceeding(s) arising from claims made by Plaintiff, ORLANDO RODRIGUEZ, in connection with his interaction(s) with the Defendants.

(b)     That Plaintiff, ORLANDO RODRIGUEZ, hereby releases, exonerates and discharges each of the Defendants, and any and all current or former employees, officers, and/or representatives of the State of New York, in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators, and assigns, and the State of New York and the New York State Department of Corrections and Community Supervision, from any and all claims, known or unknown, whether presently asserted or not, including but not limited to state, federal or administrative claims, liabilities, and causes of actions, which relate in any way to the subject matter of the Action, and further agrees to discontinue and/or not to commence or pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against the Defendants and others released hereby pertaining to the underlying facts, circumstances or incidents in this Action, or any results thereof. This release includes a waiver and release of any claims related to allegations made against the State of New York, its agencies, departments, employees, and officials in the New York Court of Claims, and any other forum, related to and arising from any of the transactions, acts, omissions, and occurrences up to and including the date of this Agreement.

(c)     That Plaintiff, ORLANDO RODRIGUEZ, hereby agrees to discontinue the lawsuit *Rodriguez v. State of New York*, Claim No. 126736, N.Y.S. Court of Claims, Buffalo District, with prejudice, and execute a separate document discontinuing such lawsuit which can be filed once executed by the Plaintiff and "so ordered" by the Court.

(d)     That nothing contained in this Stipulation shall constitute an admission or concession of liability by any Defendant, the State of New York, and/or New York State Department of Corrections and Community Supervision regarding any of the allegations by Plaintiff made in connection with this case, including but not limited to the claims, causes of action and allegations set forth in the complaint and any subsequent amended complaint; nor shall anything contained in this Stipulation constitute an admission by any Defendant in this action that any act or omission by Defendants or any of their agents, officers or employees (current or former), individually or in their official capacity, deprived Plaintiff of any right under the Constitution, statutes, rules, regulations or other laws of the United States or the State of New York; nor shall anything contained in this Stipulation constitute an admission by any

2

defendant in this action of any alleged failure to perform any duty under the Constitution, statutes, rules, regulations or other laws of the United States or the State of New York.

(e)     That Plaintiff agrees not to commence any lawsuit in any court, state or federal, related to any cause of action against any New York State Department of Corrections and Community Supervision employee, or the State of New York, or New York State Department of Corrections and Community Supervision, which Plaintiff believes has accrued prior to the execution of this Stipulation.

2.     This Stipulation shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce this Stipulation.

3.     The terms of this Stipulation shall bind the Plaintiff, ORLANDO RODRIGUEZ, and all Defendants and their successors in office, agents, servants and employees, and those persons in action, concert, or participation with them who receive actual notice of this judgment by personal service or otherwise.

4.     Payment of the settlement amount set forth in paragraph (1)(a) above is subject to the approval, audit, and warrant of all appropriate New York State officials, including the Comptroller, and in accordance with the provisions of New York Public Officers' Law §17.

5.     Payment of the amounts recited in paragraph (1)(a) herein above should be made within one hundred twenty (120) days after the execution of this Stipulation by the Court and receipt of a copy of same by Defendants' counsel, unless Chapter 62 of the Laws of 2001 apply and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event the payment period shall be extended by thirty (30) days to allow for compliance with that law. In the event that the aforesaid payment is not made within that time period, interest shall accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. §1961 beginning on the one hundred twenty-first (121) day after receipt by Defendants' counsel of a copy of the fully-executed Stipulation.

6.     This Stipulation embodies the entire agreement of the parties in the Action.

7.  The term "Stipulation" used alone in this document shall mean this Stipulation of Discontinuance and Settlement Agreement.

Dated: 2/5/18 , 2018

ORLANDO RODRIGUEZ
Plaintiff
Shawangunk Correctional Facility
Box 700
Wallkill, New York 12589

Dated: February 8 , 2018

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants

HEATHER L. MCKAY
Assistant Attorney General, Of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard,
Suite 200
Rochester, New York 14614
heather.mckay@ag.ny.gov

**IT IS SO ORDERED,**

Dated: 2-12 , 2018
Rochester, New York

HON. ELIZABETH A. WOLFORD
United States District Court Judge

4